## BLUMENFELD v. UNION NAT. BANK OF BELOIT, KAN., et al.

### No. 74.

Circuit Court of Appeals, Tenth Circuit.
Feb. 6, 1930.

R. M. Anderson, of Lincoln, Neb. (Sanden, Anderson & Gradwohl, of Lincoln, Neb., on the brief), for appellant.

La Rue Royce, of Salina, Kan. (C. W. Burch and B. I. Litowich, both of Salina, Kan., on the brief), for appellees.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

This appeal is brought by S. Blumenfeld to reverse a decree which disallowed his claim of $8,000, as a preference against the assets of the Union National Bank of Beloit, Kan., and awarded him only a recovery of his demand as a general creditor of that bank. We summarize the facts, established at a hearing by the agreement and evidence of the parties:

On January 31, 1921, the Union National Bank of Beloit, Kan., owned and sold to appellant a note and mortgage of Mollie Owen, for $8,000, in consideration of his payment to the bank of that amount by a check on another bank. The Beloit bank indorsed and collected the check, credited the amount on

its books to Mrs. G. W. Port, and delivered to appellant the note and mortgage, together with an unrecorded assignment thereof. He placed the assignment in his safety deposit box and the note and mortgage with other mortgages in a packet, at that bank. The bank credited him in his account with five interest payments on the note. Without appellant's knowledge, the bank appropriated the note and mortgage and upon them obtained a judgment in its favor in a partition suit involving the mortgaged land, in the district court of Lincoln county, Kan. On July 28, 1922, the bank received from the proceeds of the sale of the land a check from the clerk of that court for $9,176.11, collected the check, issued a receipt therefor, and satisfied the mortgage of record. At about the same time $8,000 was taken from the bank's assets and replaced by a note of M. N. Harvey, which was worthless.

A receiver was appointed for the bank and took charge of it on November 5, 1923. Thereafter appellant asked the receiver for his mortgages. The receiver did not find and could not deliver to appellant the Owen mortgage, but delivered to him the assignment of it. Later a cashier's check for $8,000 was found in the bank, dated July 31, 1922, payable to appellant, stamped as paid on August 10, 1922, but appellant did not indorse or receive the proceeds of that check, or have anything to do with it. Still later, the receiver found in the bank an envelope marked "Blumenfeld," containing the Harvey note, and tendered it to appellant, but he refused to accept it.

The assets taken over by the receiver were of the face value of $800,000, of which $18,000 consisted of cash and sight exchange. The bank has paid 35 per cent., and will pay 10 per cent. additional as dividends.

After the hearing, the District Judge ruled that, although a trust was created as to the $8,000 there was a complete failure to trace it into any specific fund in the receiver's hands, and for that reason appellant's demand should be allowed as a general claim against the receiver and denied as a preference. The final decree to that effect was rendered on August 16, 1928.

On September 12, 1928, counsel for appellant filed a verified petition for a rehearing of the cause, alleging that he first was advised by the receiver of the Beloit bank that it had, when it was closed, a credit of more than $12,000 in the Commercial National Bank of Kansas City, Kan., and, resting on that assurance, he had asked defendant's counsel to have the receiver present to testify to the fact; that, at the hearing on August 16, 1928, the receiver stated the credit in that bank of the Beloit bank was "a small amount," which surprised counsel for appellant; that on investigation of the facts he had received a certificate from the Kansas City bank showing the credit of the Beloit bank was, on November 5, 1923, $15,727.02; that he requested of counsel for appellee the inclusion of the certificate in the record by stipulation, or he asked a rehearing be granted to receive the evidence as to the credit. The rehearing was denied, because the appeal had been perfected, except as to the filing of a condensed statement of the evidence. An additional assignment of error complains of this action of the court.

■ Concededly, the Beloit bank wrongfully appropriated the note and mortgage belonging to appellant and likewise turned the proceeds realized from the partition suit into the assets of the bank, augmenting them to the extent of $8,000. It was not a relation of debtor and creditor, as in the case of ordinary deposits, but one in which the bank owed an obligation to preserve intact and account to appellant for the trust fund. Brennan v. Tillinghast (C. C. A.) 201 F. 609. But this is a suit against the receiver to establish the trust upon the assets coming into his hands and thereby obtain a preferential payment over the general creditors of the bank.

■■ It was incumbent on the appellant to trace the fund into the assets taken over by the receiver or in some specific property held by him. This calls for proof that the fund at all times after it was received by the bank was kept by it in cash or substituted property and no wise dissipated. Otherwise, it did not pass to the receiver, and it cannot be regained in a suit brought against him. It is presumed, however, that, where a sufficient amount remains in a bank to cover the trust fund, the bank, in disposing of its money from time to time, first made the payments it had a right to make from other than the trust fund. Many cases announce these principles. Empire State Surety Co. v. Carroll County (C. C. A.) 194 F. 593, 604; Macy v. Roedenbeck (C. C. A.) 227 F. 346, L. R. A. 1916C, 12; State Bank of Winfield v. Alva Security Bank (C. C. A.) 232 F. 847; Mechanics & Metals National Bank v. Buchanan (C. C. A.) 12 F.(2d) 891; Larabee Flour Mills v. First National Bank (C. C. A.) 13 F.(2d) 330; Farmers' National Bank v. Pribble (C. C. A.) 15 F.(2d) 175; Dickson v. First National Bank (C. C. A.) 26 F.

(2d) 411; Fiman v. State of South Dakota (C. C. A.) 29 F.(2d) 776.

In the Carroll Case, supra, so often cited and followed, it was said: "It is indispensable to the maintenance by a cestui que trust of a claim to preferential payment by a receiver out of the proceeds of the estate of an insolvent that clear proof be made that the trust property or its proceeds went into a specific fund or into a specific identified piece of property which came to the hands of the receiver, and then the claim can be sustained to that fund or property only and only to the extent that the trust property or its proceeds went into it. It is not sufficient to prove that the trust property or its proceeds went into the general assets of the insolvent estate and increased the amount and the value thereof which came to the hands of the receiver"— citing Peters v. Bain, 133 U. S. 670, 10 S. Ct. 354, 33 L. Ed. 696, and numerous other cases.

In the instant case there is a dearth of evidence to show what amount of money remained in the Beloit bank through the period dating from the time it acquired the trust fund on July 28, 1922, to the date the receiver took charge on November 5, 1923. In the meantime, all its moneys, together with the trust fund, may have been disbursed. The authorities cited establish that it is insufficient to trace the fund into the bank and to show that its cash or equivalent on its failure exceeded appellant's claim. If a trust fund is wholly depleted at any time, it cannot be treated as reappearing in subsequent accumulations, and a claimant of a trust fund has the burden of identifying it. Schuyler v. Littlefield, 232 U. S. 707, 34 S. Ct. 466, 58 L. Ed. 806; In re Brown (C. C. A.) 193 F. 24.

The appellant wholly failed to meet this burden of proof, and, the fund standing unidentified, he was not entitled to recover it preferentially from the receiver.

With regard to the petition for rehearing, the objection is made here that the ruling was discretionary with the District Court. But it does not appear that the proposed evidence would have been of any benefit to the appellant. There is an intimation in the opinion of the court below that at the hearing, in answer to an inquiry, the receiver stated the fund in question was deposited in the Kansas City bank. But the fact does not appear in the evidence brought to this court, and is not entitled to consideration. However, if we assume the fact and the further fact that the Beloit bank, on its failure, had the balance in that correspondent bank, there is no showing that the latter had not disbursed the fund or that appellant would be able to show it had not done so. It is therefore immaterial what the balance was in that bank at the date of the receivership, and the denial of the rehearing was not prejudicial to the appellant.

In our opinion, the decree of the District Court was in accord with sound principles of law, and it is accordingly affirmed.