### In re BROOMHALL, KILLOUGH & CO., Inc.

### JORDAHL v. IRVING TRUST CO.

#### No. 44.

Circuit Court of Appeals, Second Circuit.

Nov. 7, 1932.

David A. Buckley, Jr., of New York City, for petitioner.

Morris, Plante & Saxe, of New York City (David S. Elkins, of New York City, of counsel), for Irving Trust Co. as trustee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant sought to reclaim from the trustee in bankruptcy moneys held by it upon the theory that the appellant had purchased from the bankrupt, a dealer in shares of bank and insurance company stocks, one share of capital stock of the First National Bank for an agreed price of $4,725, for which the appellant gave to the bankrupt in payment thereof one share of capital stock of the United States Trust Company valued at $3,824.96 and a check for $900.04. The bankrupt sold the appellant's share of the United States Trust Company stock which it received, to a third party and received from that party a check for $3,885 in payment. Appellant's check of $900.04 and the check received in payment on the sale of the one share of the United States Trust Company stock were deposited in a bank. On the day of bankruptcy, this account was overdrawn. The trustee in bankruptcy never received any part thereof.

Reclaiming, the appellant prayed that the appellee be directed to deliver to the appellant the sum of $4,725, the value of the one share of stock of the First National Bank. Before the master hearing the controversy, it was admitted that the bankrupt purchased in its own name from a third party one share of the stock of the First National Bank and received a certificate in the name of the bankrupt's own nominee but not in the appellant's name. No appropriation of this certificate

to the appellant was ever made by the bankrupt. The certificate was pledged by the bankrupt as collateral with other certificates of stock with the Chase National Bank to secure a loan of $50,000. On July 3, 1930, when the petition in bankruptcy was filed, the Chase National Bank sold all the shares of stock securing the loan, and there remained, after crediting the said loan and an overdraft by the bankrupt, the sum of $863.-82 which came into the hands of the trustee. This balance cannot be said to represent the proceeds of the sale of the one share of stock of the First National Bank, title to which, the appellant claims, passed to him. He failed to identify the share of stock as his property or as the one appropriated to him.

Reclamation can be successfully prosecuted only where personal property is clearly identified and has been delivered to, but where title has not passed to, a bankrupt. In re Perpall, 256 F. 758 (C. C. A. 2). Reclamation may be had where personal property has been identified and delivered to the bankrupt under agreement or conditional sale that the title still remains with the seller until the property has been fully paid for; or where personal property clearly identifiable has been delivered to the bankrupt for sale or consignment; or where fungible property, as stocks and bonds, has been delivered to the bankrupt for sale and the bankrupt defaults in the payment and the title has not theretofore passed to the bankrupt, but later has sold property to a third person and the reclaiming creditor is able to trace the proceeds which the bankrupt received from the sale of the property into the purchase of other property in possession of the trustee; or where personal property has been sold to the bankrupt under a fraudulent representation of solvency or under circumstances such as to amount to fraud and the creditor rescinds the contract or is able clearly to identify the property in possession of the trustee. Blumenfeld v. Union Natl. Bank of Beloit, 38 F.(2d) 455 (C. C. A. 10); In re Byrne, 32 F.(2d) 189 (C. C. A. 2); In re Morris Bros., Inc. (D. C.) 282 F. 670; In re Syracuse Gardens Co. (D. C.) 231 F. 284; In re Pacat Finance Corp. (D. C.) 295 F. 394.

This appellant appreciates his inability to identify the share of stock and relied on the confirmation of the purchase and the dividend paid to him. This he insists is sufficient identification. But the bankrupt paid the dividend even when it did not have the stock on hand. The proceeds here went to the trustee as part of the general estate and the appellant must be relegated to the status of a general creditor. The relation was that of vendor and vendee upon an executory contract of sale and the bankrupt's sole obligation was to deliver one share purchased. If there was a failure to make such delivery, there arose a cause of action for breach of contract. The only act which constituted or could constitute an appropriation was putting into transfer, in the name of the purchaser or his nominee, the number of shares which the appellant had purchased and paid for. There was no earmark on the certificate which was pledged with the Chase National Bank for the loan of the bankrupt to indicate that it was purchased for the appellant nor that it was set aside to fill a particular order. On the contrary, the pledge of the share with others in the name of the bankrupt indicated that it was not appropriated to the appellant.

The appellant has failed to establish ownership of the certificate, and therefore is not entitled to the balance of $863.82 received by the trustee.

Order affirmed.