## COLORADO MILLING & ELEVATOR CO.
## v. CUNNINGHAM et al.
### No. 3800.

District Court, D. Massachusetts.
Aug. 6, 1934.

Hamilton Tirrell and O. Tirrell Wagner, both of Boston, Mass., for plaintiff.

Murray F. Hall and Goodwin, Procter & Hoar, all of Boston, Mass., for defendants Boston-Continental Nat. Bank and John B. Cunningham, Rec.

Arthur L. Hobson, Jr., of Boston, Mass., for defendant Federal Reserve Bank of Boston.

BREWSTER, District Judge.

This proceeding in equity is brought to establish a preferred claim upon the assets in the hands of the defendant receiver of Boston-Continental National Bank (hereinafter referred to as the Continental Bank) in the sum of $465.11, the proceeds of a draft forwarded to the Continental Bank for collection.

### Statement of Facts.

1. On December 5, 1931, the plaintiff shipped a car of flour upon bill of lading to the shipper's order. Attached to the bill of lading was a draft drawn upon the Economy Grocery Stores Corporation for $465.11. The draft, with bill of lading attached, was sent to the Continental Bank for collection and contained on its face the following:

"This draft is for collection only and is not to be treated as a deposit. Funds obtained through its collection are to be remitted to us and are not to be commingled with other funds of collecting bank."

2. On or about December 12, 1931, the Economy Grocery Stores Corporation paid the draft by a check drawn on the First National Bank of Boston for $465.11. The check was made payable to the order of the Continental Bank, was indorsed by that bank and sent to the Federal Reserve Bank of Boston for collection, and on December 16, 1931, the Federal Reserve Bank received the amount of the check from the First National Bank. At the close of business on December 15, 1931, the balance due from the Federal Reserve Bank to the Continental Bank was over $200,000. At the close of business on December 16, 1931, the reserve account had been overdrawn, but the Federal Reserve Bank held for collection at that time other items received from the Continental Bank upon which it had realized sufficiently so that at the end of business on December 17, 1931, the reserve account showed a balance in favor of the Continental Bank of over $133,-000.

On December 16, 1931, the Continental Bank ceased doing business and a receiver was appointed.

When the Continental Bank closed, it was owing the Federal Reserve Bank over a million dollars, secured by collateral. On this indebtedness there was applied the proceeds of liquidated collateral and the proceeds of

966

items held for collection. In August, 1933, the Federal Reserve Bank made a settlement with the receiver, whereby the receiver paid to the Federal Reserve Bank approximately $5,000 and received in return $423,000 worth of negotiable paper or other assets which had survived the liquidation by the Federal Reserve Bank.

### Conclusions of Law.

■ As suggested by the defendants in their brief, in order to entitle the plaintiff to establish a preferred claim it must prove by clear evidence: (1) A trust relationship; (2) augmentation of bank assets; and (3) a tracing of the fund representing trust res into the receiver's hands.

The burden of proof of all these factors rests upon the plaintiff. Larabee Flour Mills Co. v. First National Bank of Dublin, Ga. (D. C.) 52 F.(2d) 146; Blumenfeld v. Union National Bank of Beloit, Kan. (C. C. A.) 38 F.(2d) 455; Allen, Bank Com'r, v. United States (C. C. A.) 285 F. 678.

The defendants concede the trust relationship and the augmentation of the assets of the Continental Bank, but contend that on the facts of the case the plaintiff has been unable to trace the funds constituting the trust res into the hands of the receiver.

■ In Frelinghuysen v. Nugent (C. C.) 36 F. 229, 239, appears an excellent statement of the development of the law relative to the tracing of trust funds. It is there said:

"Formerly the equitable right of following misapplied money or other property into the hands of the parties receiving it, depended upon the ability of identifying it; the equity attaching only to the very property misapplied. This right was first extended to the proceeds of the property, namely, to that which was procured in place of it by exchange, purchase, or sale. But if it became confused with other property of the same kind, so as not to be distinguishable, without any fault on the part of the possessor, the equity was lost. Finally, however, it has been held as the better doctrine that confusion does not destroy the equity entirely, but converts it into a charge upon the entire mass, giving to the party injured by the unlawful diversion a priority of right over the other creditors of the possessor. This is as far as the rule has been carried."

This statement of the law has been approved in this and other circuits. MacDonald v. Guy (C. C. A.) Com'r of Banks, 63 F.(2d) 334; Mark v. Westlin (D. C.) 48 F.(2d) 609.

In MacDonald v. Guy, supra, the federal rule is stated, at page 337 of 63 F.(2d) that: "When funds are deposited in a bank and misappropriated by the bank, if it can be shown that they have not been entirely dissipated, the general fund of the bank may be held to be impressed with a trust to the extent that the funds so deposited have not been dissipated, and, of course, if they can be traced into some specific fund or property into which they have been converted, such fund is impressed with the trust. According to the federal rule, the mingling of misappropriated funds with the general funds of a bank is not sufficient to destroy the trust."

■ But if the fund impressed with the trust has been wholly depleted at any time, the trust cannot be impressed upon any subsequent accumulations in the fund. Schuyler v. Littlefield, 232 U. S. 707, 34 S. Ct. 466, 58 L. Ed. 806; Blumenfeld v. Union National Bank, supra.

■ If an amount sufficient to cover the trust remained in the hands of the Continental Bank, it will be presumed that the Continental Bank has retained the trust res and that any payments made out of the fund were those which could lawfully be made. Blumenfeld v. Union National Bank, supra, and cases therein cited.

■ The real question here involved is whether there was a depletion of the fund, thus preventing the plaintiff from tracing it into the hands of the receiver. Plaintiff's claim that, inasmuch as the Federal Reserve Bank held on December 16, 1931, uncollected items which had not been credited to the reserve account, there was no actual depletion of the fund and that, when there was a final settlement between the Federal Reserve Bank and the Continental Bank, the assets which the receiver then received were augmented to the extent by which the proceeds of the check, which the Federal Reserve Bank had collected from the First National Bank, had reduced the liabilities of the Continental Bank to the Federal Reserve Bank, and that, therefore, it would be proper for the court to hold that the proceeds of this check had been traced into the hands of the receiver.

While this argument of the plaintiff is not without merit, it is doubtful whether it can be accepted in the disposition of this case. Upon the undisputed facts, the Federal Reserve Bank received on December 16, 1931, from the First National Bank the amount of the check drawn by the Economy Grocery Stores Corporation, and this amount was

placed to the credit of the Continental Bank on that date. At the end of business on that day, the entire balance due the Continental Bank had been wiped out, which, of course, included the proceeds of the check. It was not until the next day that collections had been made which created a surplus, or balance, in the Federal Bank in favor of the Continental Bank. This would seem to bring the case within the doctrine of those cases, above cited, which hold that, when a trust fund has been wholly depleted at any time, it cannot be treated as reappearing in subsequent accumulations.

From the foregoing, therefore, I reach the conclusion that the plaintiff is not entitled to establish its claim as a preferred claim, but the claim, of course, may be established as a general claim not subject to priority.