## WALSH v. DEITRICK.

### No. 4405.

District Court, D. Massachusetts.

Feb. 24, 1938.

Louis Hammer, Benj. I. Goldberg, and George S. Ryan, all of Boston, Mass., for plaintiff.

Brenton K. Fisk, of Boston, Mass., for defendant.

McLELLAN, District Judge.

This bill in equity was filed December 3, 1936, in the superior court for the commonwealth of Massachusetts, and was thence removed by the defendant. The plaintiff, Susan A. Walsh, is the administratrix with the will annexed of the estate of Matthew Monahan, late of Lawrence, Mass. The defendant, Frederick S. Deitrick, is the receiver of the Federal National Bank of Boston.

The bill alleges that on December 14, 1931, Emanuel A. Shaw was the executor of the Monahan estate, that on that date

he deposited in the Federal National Bank of Boston the sum of $2,769.22, and that on or about that date Herbert Pearson, as receiver, took possession of the affairs of the bank. It is alleged that the defendant, Frederick S. Deitrick, subsequently replaced Herbert Pearson as receiver. The plaintiff avers that on December 14, 1931, and for some time prior thereto, the bank was insolvent and that its condition was known to the officers and directors of the bank. It is stated that the receipt of the deposit of $2,769.22 by the Federal National Bank of Boston when insolvent was a fraud on the estate of which the plaintiff is now the administratrix with the will annexed, and that title to the deposit never passed to the bank but remained in Emanuel A. Shaw, who was then the executor of the estate.

The theory of the plaintiff's case is that the deposit resulted in a trust and that the plaintiff is entitled to recover the full amount of the deposit.

By agreement, the case was heard yesterday upon two issues, with the understanding that if the plaintiff should prevail on these issues, another hearing would be had for the determination of all other matters in controversy. This agreement was reached in contemplation of Equity Rule 29, 28 U.S.C.A. following section 723.

The issues are: (1) Whether there was a res to which a constructive trust could be fastened; and (2) "whether the plaintiff's right (if there ever was any right) to rescind a deposit in Federal National Bank of Boston and to recover the amount thereof from the receiver as a quasi trust res has not been lost by approximately five years' delay in asserting it after the beginning of the receivership; by electing to prove the claim as an ordinary deposit; and by regularly receiving from the Comptroller pro rata dividends declared on the claim as an ordinary deposit."

The defendant called as a witness Mr. Ralph E. Wedgeworth, formerly manager of the loan department of the Federal National Bank of Boston and now assistant to the receiver, and the plaintiff called Mr. Emanuel A. Shaw and Mrs. Susan A. Walsh. The following facts appeared either from the testimony, from the exhibits, or upon concessions in the pleadings or by counsel at the hearing:

On Monday, December 7, 1931, Emanuel A. Shaw, executor, presented to the Federal National Bank three savings bank books standing in the name of either Matthew Monahan or his estate. The Federal National Bank sent the books to the respective savings banks and on December 11, 1931, received from them three checks aggregating $4,054.95. One was a check of the Broadway Savings Bank, Lawrence; another a check of the Essex Savings Bank of Lawrence; and the third a check of Lawrence Savings Bank. Two of the checks would take three days to clear; the other check, amounting to $1,868.47, would, for reasons not necessary here to recite, be paid in one day. For these three checks the estate of Matthew Monahan received on December 11, 1931, a cashier's check of the Federal National Bank of Boston in the sum of $4,054.95. On Monday, December 14, 1931, the executor surrendered this cashier's check and was credited on the bank's books with its amount. Thereupon, the estate drew a check upon the Federal National Bank which was paid, and the deposit was reduced to $2,769.22.

Mr. Wedgeworth testified in substance and I find that on December 12, 1931, and December 14, 1931, respectively, the Federal Reserve Bank of Boston (not to be confused with the Federal National Bank of Boston) received the proceeds of the three checks deposited by the estate on December 11, 1931. On December 14, 1931, the Federal National Bank was indebted on balance to the Reserve Bank in a sum far exceeding the proceeds of these checks. Mr. Wedgeworth so testified and his testimony in this regard is confirmed by a careful correlation of the exhibits bearing hereon. Accordingly, the Reserve Bank credited these items when received to the Federal National Bank, thus reducing the latter's indebtedness.

Where a deposit is made in a bank which is irretrievably insolvent and the officers know it, the acceptance of the deposit is fraudulent, and if the depositor can trace the fund, it may be impressed with a trust. By means of a fiction, the depositor is helped to trace the fund by a presumption that the bank first paid out of a mingled fund moneys not fraudulently received, and a trust may, according to some of the cases, be fastened upon what is left. Schumacher v. Harriett, 4 Cir., 52 F.2d 817, 82 A.L.R. 1; Brennan v. Tillinghast, 6 Cir., 201 F. 609; Empire State Surety Co. v. Carroll County, 8 Cir., 194 F. 593; MacDonald v. Guy,

1 Cir., 63 F.2d 334; Colorado Milling & Elevator Company v. Cunningham, 7 F. Supp. 965, D.C.Mass.

In the case at bar there is no room for fiction or presumption. The proceeds of the plaintiff's bank books and checks did not become a part of a mingled fund made up of the plaintiff's money and the bank's money. They did not reach the receiver. They did not pass into the bank's possession. The proceeds went to the Reserve Bank and lost their identity when they were credited on the Federal National Bank's indebtedness. They became a part of the Reserve Bank's funds and could not be subjected to a trust in the plaintiff's favor in a suit against the Federal National Bank, or its receiver. There was no such trust as the plaintiff seeks to establish because there was no identifiable trust res. Jennings v. United States Fidelity & Guaranty Company, 294 U.S. 216, 55 S.Ct. 394, 79 L.Ed. 869, 99 A.L.R. 1248; Schumacher v. Harriett, 4 Cir., 52 F.2d 817, 82 A.L.R. 1; Standard Inv. Co. v. Town of Snow Hill, 4 Cir., 78 F.2d 33.

The next question is whether, if there was a time when a trust could have been established, it may be done in this proceeding instituted December 3, 1936, slightly less than five years after the receivership began (December 15, 1931). The facts material to this issue follow:

At 7 o'clock in the evening of December 14, 1931, the directors of the Federal National Bank of Boston voted to ask the Comptroller of the Currency to take charge of its affairs and on the next day Mr. Pearson was named by the Comptroller to do so. His possession began on that day. He proceeded to wind up the affairs of the bank until he was succeeded by Mr. Deitrick, who carried on the work which he had begun. The executor (plaintiff's predecessor) proved a claim as a general creditor for the amount of the deposit referred to above and received three dividends of 10 per cent. each. The plaintiff adduced testimony to show, and I find, that when the claim was proved and the dividends received, the executor was not aware of the condition of the bank's affairs. He knew, however, that he possessed no such knowledge, and accepted the dividends. A fourth dividend of 5 per cent. was declared and the plaintiff declined to accept it. As heretofore stated, no attempt was made to make out or enforce a trust until 1936, nearly five years after the receivership began.

Even if there had been no proof of claim and no receipt of dividends, the authorities indicate that a claim of this kind cannot be asserted successfully after such a lapse of time, during which the receiver presumably has been disposing of assets and paying creditors. Poole v. Elliott, 4 Cir., 76 F.2d 772; Standard Oil Company of New Jersey v. Elliott, 4 Cir., 80 F.2d 158. See, also, Adams v. Champion, 294 U.S. 231, at page 238, 55 S.Ct. 399, 402, 79 L.Ed. 880, where a trustee in bankruptcy sought to establish a right to priority to the proceeds of stock sold by an insolvent bank, and the Supreme Court said:

"For nearly three years after the sale of this stock, the situation stood unchanged. An adequate remedy against the bank through the recovery of an ordinary money judgment belonged to the trustee continuously, and this whether the award of the value was to be at law or in equity. Schoenthal v. Irving Trust Co. [287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185, 21 A.B.R.(N. S.) 620] supra; Buffum v. Peter Barceloux Co. [289 U.S. 227, 53 S.Ct. 539, 77 L.Ed. 1140] supra. There was no attempt during those years to separate the proceeds of the sale from other assets through an injunction or a receivership, nor any hint of a desire to charge a trust upon the proceeds. Not till the suit was at an end and the bank was in the hands of the Comptroller of the Currency did the respondent shift his theory and turn a debt into a trust. By that time new duties had arisen, new interests had intervened. The assets of the bank were now held by the receiver upon a trust for equal distribution. Cf. Wisdom v. Keen (C.C.A.[5th]) 69 F.2d 349, 350; Fera v. Wickham, 135 N.Y. 223, 230, 31 N.E. 1028, 17 L.R.A. 456; Gerseta Corporation v. Equitable Trust Co., 241 N.Y. 418, 425, 150 N.E. 501, 43 A.L.R. 1320. The shift had come too late."

Apart from the absence of any trust res at the outset, the facts that no attempt was made to enforce an alleged trust until after the receivership had continued for almost five years; that in the meantime the successive receivers had been liquidating the bank's assets and paying creditors; and that the plaintiff's predecessor proved the claim as a general creditor and received three separate dividends thereon, in connection with the other facts heretofore

found, are sufficient to defeat the plaintiff's suit. Under the circumstances, to give the plaintiff the preference here sought would be plainly inconsistent with the system of equal distribution provided by U.S.C., title 12, § 194, 12 U.S.C.A. § 194.[1]

A decree dismissing the bill is to be entered.

---

[1] Statements of fact appearing herein are intended as findings of fact, and statements of legal principles as conclusions of law, in accordance with the equity rule.