## 550

In the Matter of DEE'S, INC., Bankrupt.
No. 25360.

United States District Court
E. D. Pennsylvania.
April 24, 1961.

See also 164 F.Supp. 402.

———◆———

Meyer E. Maurer, Wexler, Mulder & Weisman, Adelman & Lavine, Philadelphia, Pa., for trustee of Dee's, Inc.

Joel H. Weinrott, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for

trustee of Lewis Dion (Reclamation Petitioner).

EGAN, District Judge.

This is a petition for review of a Referee's order dismissing a reclamation petition. On the record before us, we think the Referee's order was correct and it will be sustained.

Actually this is a contest between the trustee in bankruptcy of Lewis Dion (Dion), an individual, and the trustee in bankruptcy of Dee's, Inc., a Pennsylvania corporation (Dee's) which took over the business of Dion and of which he was the principal officer and sole stockholder, for the assets of Dee's. As is indicated both parties are now in bankruptcy in this Court.

On January 1, 1957, many months before either party became a bankrupt, Dion, in effect, merged his individual enterprise into his corporate enterprise by transferring all his assets, except the real estate,[1] to the corporation which agreed to and did assume all of Dion's liabilities.

The transfer of assets was evidenced only by written entries on the books of the parties and no formal written documents were exchanged. No written notice of the transfer was given to creditors of either party. The petitioner here, trustee of Dion's estate, first filed a petition for a turn-over order which was refused and thereafter he proceeded by way of the petition for reclamation which is now before us.

The principal complainants here are Emerson Radio of Pennsylvania, Inc. (now by change of name Dumont Television and Radio Corp.), hereinafter referred to as Emerson, and Philadelphia Distributors, Inc., hereinafter referred to as Distributors. Both were substantial creditors of Lewis Dion at the time

---

1. It is suggested that the real estate would also have been transferred except that it would have involved a transfer tax payment of about $3,000 which Dion did not have at that time. Nevertheless the corporation treated the real estate as its own, collecting all the rents and paying all taxes and maintenance charges thereon. The real estate has since been sold and the proceeds are in the hands of Dion's trustee. We are not concerned with it at this time, since only the personalty is here involved.

of the transfer on January 1, 1957. Thereafter they continued to sell merchandise to the corporation until its bankruptcy intervened some 14½ months later. In the meantime, the corporation had paid off Distributors and all other creditors whose debts it had assumed except that of Emerson whose claim was reduced by it by payments on account from $186,416.32 to $47,580.85. Dee's, the bankrupt corporation, now owes Distributors $32,969.46 and it owes Emerson $94,667.04, including the balance of the old debt of Dion.

The reclamation petition itself is somewhat unusual in that it claims all of the assets turned over to Dee's on January 1, 1957 without attempting to identify same.[2]

The reclamation petition was filed on or about October 7, 1959 and it must be obvious that the inventory of consumer goods such as radios, television sets and household appliances would have changed materially by that time from what it was on January 1, 1957. It must also be obvious that the sale in the regular course of business of that inventory, plus other merchandise purchased from time to time to replace it by Dee's, generated most, if not all, of the cash that was paid on the assumed debts.

The petition for review does not challenge the Referee's findings of fact and conclusions of law. It relies entirely on the averment that " * * * the transferee was insolvent both before and after the subject transfer and thus it cannot be maintained that there was any fair consideration for said transfer."

In an excellent opinion, Referee Bertram K. Wolfe demolished this and some other points raised by the petitioner in the following language:

"It is inconceivable to me that this transfer should be held a fraudulent conveyance. Not only did the transferee promise to pay the debts of the transferor, but it carried out that promise by paying in cash to these old creditors more than the value of the merchandise transferred. It may be that an assumption of the debts of the transferor is not technically within the definition of 'fair consideration,' but it seems to me that when the debts are paid to the extent they were in this case, a good and valuable consideration has passed and the possible presumption of fraud at the time of transfer is rebutted.[3]

"Furthermore, if the petitioner should be sustained, the result would be most inequitable. The corporation has many and substantial creditors. Dion has Emerson and two or three others contracted after the transfer. To turn this money over to the individual estate to pay Emerson to the exclusion of the corporation creditors whose merchandise produced the fund along with Emerson and Distributors would be most unfair.

"This controversy between Emerson and Distributors, represented by the petitioner, and the corporate creditors, represented by the trustee in this case, has been protracted and bitter. It has been suggested by the Referee, on a number of occasions, that these two cases should be consolidated so that the assets in each case be pooled and all creditors

2. Compare Collier on Bankruptcy (14th ed.) Vol. 4 § 70.39 [3]; In re Byrne, 2 Cir., 1929, 32 F.2d 189; In re Broomhall, Killough & Co. Inc., 2 Cir., 1932, 61 F.2d 760.

3. This footnote is supplied by us and does not appear in the Referee's opinion. The petitioner claimed a right to the assets in this estate by virtue of the provisions of the Pennsylvania Bulk Sales Act, 12A P.S.Pa. §§ 6–101 to 6–111 et seq., Pennsylvania Fraudulent Conveyances Act, 39 P.S.Pa. §§ 351–363, and also the Statute 13 Elizabeth (Chap. 5) which is part of the common law of Pennsylvania. Petitioner claimed that he was entitled to such remedies as those Acts provided by virtue of the provisions of §§ 70, sub. c and 70, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 70, subs. c, e.

552

share alike. Such a consolidation is easily justified as the corporation was but the alter ego of Dion. Such consolidation, however, has been resisted by both sides, and, of course, it would defeat Emerson's attempt to take the whole fund."

Referee Wolfe's findings of fact and conclusions of law will be sustained and the petition for review will be dismissed.

### Order.

And now, April 24, 1961, the petition of Albert E. Hughes, trustee of the estate of Lewis Dion, etc., praying for an order to review Referee Wolfe's order dated December 19, 1960 will be and hereby is dismissed, the said Referee's findings of fact and conclusions of law will be and hereby are sustained.