John Henry **HACKER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 14072.

United States Court of Appeals
Ninth Circuit.

Sept. 15, 1954.

Harold Shire, Beverly Hills, Cal., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Laughlin E. Waters, U. S. Atty., Ray H. Kinnison, Manuel Real, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, BONE and POPE, Circuit Judges.

PER CURIAM.

Hacker appeals from a judgment of conviction of refusal to submit to induction contrary to the provisions of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq. The facts in his case cannot be distinguished from those in Dickenson v. United States, 346 U.S. 389, 74 S.Ct. 152. In the questionnaire filed with his local draft board he claimed classification as a minister of religion. He furnished the board a number of documents and affidavits tending to support this claim. Among these was a certificate of the Superintendent of Ministers and Evangelists of the Watchtower Bible and Tract Society that he was an ordained minister of that society, in the full-time ministry as a "pioneer", and authorized to perform all the usual rites and ceremonies of Jehovah's Witnesses. There was also an affidavit of all the members of his congregation that he was its only full-time minister. He disclosed that he had a part-time secular job, driving a school bus. This averaged about fifteen hours a week, and paid him only $640.40 per year. This work was done early in the mornings and late in the afternoons, and extended only during the school months. However, he showed that he spent much time in "missionary work", making calls, in addition to his ministerial work preaching to his own congregation. His showing was that he was one of the few Jehovah's Witnesses engaged in preaching full time. There was no evidence to the contrary.

We therefore hold, on the authority of the Dickenson case, that the denial of a ministerial exemption to appellant was without basis in fact.

The judgment is reversed.