**Roseanna CONTI, Respondent-Appellant,**

v.

**Morris VOLPER, Trustee of Gondola Associates, Inc., Bankrupt, Petitioner-Appellee.**

**No. 165, Docket 23795.**

United States Court of Appeals Second Circuit.

Submitted Dec. 14, 1955.

Decided Jan. 11, 1956.

Edward J. McCann, Brooklyn, N. Y., for respondent-appellant.

Levin & Weintraub, New York City (Benjamin Weintraub and Howard N. Beldock, New York City, of counsel), for petitioner-appellee.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

Constance v. Harvey, 2 Cir., 1954, 215 F.2d 571, reluctantly followed by Judge Byers, may seem to reach an inequitable result, but Section 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, provides: "The trustee, as to all property, whether or not coming into posses-

**318**

sion or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists"; and it is difficult to see how such plain language could be disregarded.

Affirmed.