LEWIS, TRUSTEE IN BANKRUPTCY, *v.* MANU-
FACTURERS NATIONAL BANK OF DETROIT.

No. 94.   Argued December 15, 1960.—Decided January 9, 1961.

*Stuart E. Hertzberg* argued the cause for petitioner.
With him on the brief was *Herbert N. Weingarten.*

*Richard D. Rohr* argued the cause for respondent.
With him on the brief was *Henry I. Armstrong, Jr.*
*Louis F. Dahling* entered an appearance for respondent.

Mr. Justice Douglas delivered the opinion of the
Court.

The bankrupt borrowed money from respondent on
November 4, 1957, giving as security a chattel mortgage
on an automobile.   In Michigan, where the transaction
took place, mortgages were void as against creditors of the
mortgagor unless filed with the Register of Deeds [1] with

---

[1] Mich. Comp. Laws, 1948, § 566.140, as amended by Pub. Acts
1957, No. 233.   In 1959, by Pub. Acts 1959, No. 110, a 10-day grace
period was given to all mortgagees *vis-à-vis* creditors.

a special dispensation to purchase-money mortgages if filed within 14 days of the execution of the mortgage. This mortgage, however, was not a purchase-money mortgage; and though executed on November 4, 1957, it was not recorded until November 8, 1957.

Over five months later—on April 18, 1958—the borrower filed a voluntary petition in bankruptcy and an adjudication of bankruptcy followed, petitioner being named trustee.

There was no evidence that any creditor had extended credit between November 4, the date of the execution of the mortgage, and November 8, the date of its recordation. But since the mortgage had not been recorded immediately, the referee held that it was void as against the trustee. The referee relied upon § 70c of the Bankruptcy Act, 11 U. S. C. § 110 (c), which, so far as material here, reads:

> "The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

He ruled that § 70c "clothes the Trustee with the rights of a creditor who could have obtained a lien at the date of bankruptcy whether or not such a creditor exists." He concluded that under Michigan law a creditor could have taken prior to the mortgage had he extended credit during the four-day period when the mortgage was "off record" and that therefore the trustee can claim the same rights, even though there was no such creditor. The District Court overruled the referee and the Court of

Appeals affirmed the District Court. 275 F. 2d 454. The case is here on a petition for a writ of certiorari which we granted because of a conflict between that decision and *Constance* v. *Harvey*, 215 F. 2d 571, decided by the Court of Appeals for the Second Circuit and subsequently followed by the same court in *Conti* v. *Volper*, 229 F. 2d 317. 363 U. S. 837.

Petitioner's case turns on the words, "upon which a creditor of the bankrupt could have obtained a lien . . . whether or not such a creditor actually exists," contained in § 70c.

Prior to 1910 the trustee had no better title to the property than the bankrupt had. See *York Mfg. Co.* v. *Cassell*, 201 U. S. 344, 352; *Zartman* v. *First National Bank*, 216 U. S. 134, 138. The provision with which we are here concerned was written into the law in 1910 to give the trustee all the rights of an ideal judicial lien creditor.[2]

The predecessor of the present § 70c was § 47a (2) of the Bankruptcy Act, as amended by the 1910 Act which provided in relevant part:

"... such trustees, as to all property in the custody or coming into the custody of the bankruptcy

---

[2] See MacLachlan, Bankruptcy (1956), p. 187. The Committee Report concerning the 1910 Amendment said:

"It is evident that in the proposed amendment attempt is made to give effect to two ideas quite distinct: First, that as to the property in the custody of the bankruptcy court the bankruptcy trustee shall be considered to have the same title that a creditor holding an execution or other lien by legal or equitable proceedings levied upon that property would have under state law: and, second, that as to property not in the custody of the bankruptcy court the trustee should stand in the position of a judgment creditor holding an execution returned unsatisfied, thus entitling him to proceed precisely as an individual creditor might have done to subject assets. In this way, in effect, proceedings in bankruptcy will give to creditors all the rights that creditors under the state law might have had had there been

court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." 36 Stat. 840.

That language was held to give the trustee the status of a creditor "as of the time when the petition in bankruptcy is filed." *Bailey* v. *Baker Ice Machine Co.,* 239 U. S. 268, 276.

In 1938 the relevant provisions of § 47a (2) were transferred to § 70c with no material change.[3]

In 1950 § 70c was recast to read as follows:

". . . The trustee, as to all property of the bankrupt at the date of bankruptcy whether or not coming into possession or control of the court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists." 64 Stat. 26.

Thus the distinction between property in the possession of the bankrupt as of the date of bankruptcy and other property was abolished; and the trustee was given the status of a creditor holding a lien through legal or equitable proceedings as to both types of property. This 1950 Amendment, however, created an anomaly. The

---

no bankruptcy and from which they are debarred by the bankruptcy—certainly a very desirable and eminently fair position to be granted to the trustee." H. R. Rep. No. 511, 61st Cong., 2d Sess., p. 7.

[3] See MacLachlan, Bankruptcy (1956), p. 187; H. R. Rep. No. 1409, 75th Cong., 1st Sess., pp. 4, 34–35.

House Report [4] accompanying a 1952 amendment that cast § 70c in its present form states:

".  . . it is now recognized that the amendment did not accurately express what was intended.  Since the trustee already has title to all of the bankrupt's property, it is not proper to say that he has the rights of a lien creditor upon his own property.  What should be said is that he has the rights of a lien creditor upon property in which the bankrupt has an interest or as to which the bankrupt may be the ostensible owner.  Accordingly, the language of section 70c has been revised so as to clarify its meaning and state more accurately what is intended."

We think that one consistent theory underlies the several versions of § 70c which we have set forth, *viz.*, that the rights of creditors—whether they are existing or hypothetical—to which the trustee succeeds are to be ascertained as of "the date of bankruptcy," [5] not at an anterior point of time.  That is to say, the trustee acquires the status of a creditor as of the time when the petition in bankruptcy is filed.  We read the statutory words "the rights . . . of a creditor [existing or hypothetical] then holding a lien" to refer to that date.[6]

---

[4] H. R. Rep. No. 2320, 82d Cong., 2d Sess., p. 16.

[5] While § 70c speaks of "the date of bankruptcy," that term is defined as "the date when the petition was filed."  Section 1 (13), 11 U. S. C. § 1 (13).

[6] After the decision in *Constance* v. *Harvey*, 215 F. 2d 571, 575, Congress passed a bill to change its holding.  The President vetoed the bill, stating:

"I have withheld my approval of H. R. 7242, to amend sections 1, 57j, 64a (5), 67b, 67c, and 70c of the Bankruptcy Act, and for other further purposes.

"I recognize the need for legislation to solve certain problems regarding the priority of liens in bankruptcy, but this bill is not a satisfactory solution.  It would unduly and unnecessarily prejudice

This construction seems to us to fit the scheme of the Act.[7] Section 70e enables the trustee to set aside fraudulent transfers which creditors having provable claims could void. The construction of § 70c which petitioner urges would give the trustee power to set aside transactions which no creditor could void and which injured no creditor. That construction would enrich

the sound administration of Federal tax laws. In some cases, for example, mortgages would be given an unwarranted priority over Federal tax liens even though the mortgage is recorded after the filing of the tax lien.

"This and other defects of the bill can, I believe, be corrected without compromising its primary and commendable purpose." Cong. Rec., September 16, 1960, p. A7013.

The Committee Report, urging that amendment, made clear the inequity that might often result if § 70c is construed as Constance v. Harvey, supra, construed it:

"The holding in Constance v. Harvey, by injecting into section 70c the substance of 70e, created the statutorily unwarranted status of a hypothetical creditor with rights relating back to a date prior to bankruptcy. While bankruptcy is in effect a general levy on the property of the bankrupt for the benefit of his creditors, it is not a license for the trustee, irrespective of prejudice to creditors, to avoid at will any security given by the bankrupt which remained imperfected for any period of time prior to bankruptcy. Yet this is the effect of Constance v. Harvey. Under this decision the only limit to the power of the trustee is his ability to conceive of some right of a creditor that can be used as a basis for striking down imperfect transfers. The doctrine of Constance v. Harvey presents a very real threat to security transactions, the validity of which have hitherto not been subject to challenge under the act. Moreover, this is a threat which is not required by the policy of the act, since the creditors who have been prejudiced by the imperfections of a transfer are normally protected under section 70e." H. R. Rep. No. 745, 86th Cong., 1st Sess., pp. 8–9.

[7] See Seligson, Creditors' Rights, Jour. Nat. Assoc. Referees in Bankruptcy, Oct. 1957, 113, 118; Marsh, Constance v. Harvey—The "Strong-Arm Clause" Re-Evaluated, 43 Cal. L. Rev. 65; Note, 57 Mich. L. Rev. 1227.

unsecured creditors at the expense of secured creditors, creating a windfall merely by reason of the happenstance of bankruptcy.

It is true that in some instances the trustee has rights which existing creditors may not have. Section 11, 11 U. S. C. § 29, gives him two years to institute legal proceedings regardless of what limitations creditors might have been under. Section 60, 11 U. S. C. § 96, gives him the right to recover preferential transfers made by the bankrupt within four months whether or not creditors had that right by local law. A like power exists under § 67a, 11 U. S. C. § 107 (a), as respects the invalidation of judicial liens obtained within four months of bankruptcy when the bankrupt was insolvent. Section 67d, 11 U. S. C. § 107 (d), carefully defines transactions which may be voided if made "within one year prior to the filing" of the petition.

Congress in striking a balance between secured and unsecured creditors has provided for specific periods of repose beyond which transactions of the bankrupt prior to bankruptcy may no longer be upset—except and unless existing creditors can set them aside.[8]  Yet if we construe § 70c as petitioner does, there would be no period of repose. Security transactions entered into in good faith years before the bankruptcy could be upset if the trustee were ingenious enough to conjure up a hypothetical situation in which a hypothetical creditor might have had such a right. The rule pressed upon us would deprive a mortgagee of his rights in States like Michigan, if the mortgage had been executed months or even years pre-

---

[8] See, e. g., § 70e, concerning which H. R. Rep. No. 1409, 75th Cong., 1st Sess., p. 32, stated, ". . . under section 70e the trustee may avoid any transfer which any creditor might have avoided under applicable State law, and there is no time limitation in such case."

610

viously and there had been a delay of a day or two in recording without any creditor having been injured during the period when the mortgage was unrecorded.

That is too great a wrench for us to give the bankruptcy system, absent a plain indication from Congress which is lacking here.

*Affirmed.*

MR. JUSTICE HARLAN: As the judge who wrote for the Court of Appeals in *Constance v. Harvey,* 215 F. 2d 571, I think it appropriate to say that I have long since come to the view that the second opinion in *Constance,* 215 F. 2d 575, was ill-considered.  I welcome this opportunity to join in setting the matter right.