In the Matter of BABCOCK BOX CO., Inc., Bankrupt.

No. 147-60.

United States District Court
D. Massachusetts.

Dec. 11, 1961.

Cyril Hochberg, Wasserman & Salter, Boston, Mass., for Verson Allsteel Press Co.

Joseph Manello, Cohn, Riemer & Pollack, Boston, Mass., for trustee in bankruptcy.

FRANCIS J. W. FORD, District Judge.

This case comes before the court on a petition for review of an order of the referee in bankruptcy denying the petition of Verson Allsteel Press Company

to establish a lien on certain funds in the hands of the trustee in bankruptcy.

These funds represent the amount realized from the sale by the trustee of certain machinery included in the assets of the bankrupt. This machinery was sold to the bankrupt by Verson Allsteel Press Company, the petitioner, under conditional sales contracts dated April 3, 1959, and July 21, 1959, under which petitioner retained a security interest in the property. Financing statements with respect to these transactions were filed on April 21, 1959, and July 22, 1959, with the Massachusetts Secretary of State and with the Register of Deeds for Bristol County, Northern District. No financing statement was ever filed with the city clerk of Attleboro, the city in which the debtor had its only place of business within Massachusetts, and in the absence of such filing it is agreed that the applicable statutory requirement as to filing under the Uniform Commercial Code, Mass.G.L. Ch. 106 § 9–401(1)(c)[1] was not complied with. The referee found that the trustee in bankruptcy had knowledge of the contents of petitioner's financing statements as of the date of the filing of the petition in bankruptcy and also that petitioner acted in good faith in filing its statements as it did.

The issue is whether in these circumstances petitioner had at the time of bankruptcy a perfected lien superior to the claims of the trustee. Petitioner relies on the saving provisions of § 9–401(2) which provides:

"(2) A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this Article and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement."

■ It is the contention of petitioner that because trustee knew the contents of the financing statements the effect of § 9–401(2) is to give petitioner a perfected lien superior to the rights of the trustee. This contention must be rejected. Nothing in § 9–401(2) purports to give petitioner a perfected lien. § 9–303(1) provides that: "A security interest is perfected when it has attached and when all the applicable steps required for perfection have been taken." Admittedly one of the applicable steps required in this instance for perfection, filing with the City Clerk of Attleboro, has not been taken. § 9–401(2) merely makes the lien effective, despite the failure to make proper filing as to persons having actual knowledge of the contents of the financing statement. It does not make the improper filing effective as to anyone who does not have such knowledge and hence the lien cannot be said to have been perfected.

Since petitioner's interest is unperfected, the effect of the trustee's knowledge is governed by § 9–301, which provides so far as here applicable:

"(1) Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of

\* \* \* \* \* \*

"(b) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected;

\* \* \* \* \* \*

h. "§ 9–401. Place of Filing; Erroneous Filing; Removal of Collateral.

"(1) The proper place to file in order to perfect a security interest is as follows:

\* \* \* \* \*

"(c) in all other cases, in the office of the state secretary and in addition, if

the debtor has a place of business in only one town of this state, also in the office of the clerk of such town, or, if the debtor has no place of business in this state, but resides in the state, also in the office of the clerk of the town in which he resides.

"(3) A 'lien creditor' means a creditor who has acquired a lien on the property involved by attachment, levy or the like and includes an assignee for benefit of creditors from the time of assignment, and a trustee in bankruptcy from the date of the filing of the petition or a receiver in equity from the time of appointment. Unless all the creditors represented had knowledge of the security interest such a representative of creditors is a lien creditor without knowledge even though he personally has knowledge of the security interest."

There seems to be no contention that all the creditors of bankrupt in this case knew the contents of the financing statements.

The same result follows under § 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c. That section confers on the trustee in bankruptcy the status of an ideal hypothetical creditor and as such gives him the status of a creditor without notice, despite any actual knowledge he may personally have had at the time of bankruptcy and regardless of the fact that there may not exist any actual creditor without notice. Collier on Bankruptcy, 14th Edition, § 70.53; McKay v. Trusco Finance Co., 5 Cir., 198 F.2d 431; Fifth Third Union Trust Co. v. Kennedy, 2 Cir., 185 F.2d 833; Hoffman v. Cream-O-Products, 2 Cir., 180 F.2d 649. Petitioner relies on the case of Lewis v. Manufacturers National Bank of Detroit, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323, as overruling this interpretation of § 70, sub. c. That case does not go so far as to change the generally accepted view of the status of the trustee under § 70, sub. c but merely rejects the extreme extension given to the trustee's rights by such cases as Constance v. Harvey, 2 Cir., 215 F.2d 571. The question of the effect of the personal knowledge of the trustee was in no way involved. In Lewis there was a situation in which a chattel mortgage lien remained unperfected for a period of four days between the time the mortgage was executed and the time it was recorded, some five months prior to bankruptcy. The court rejected the contention that the trustee could assert the rights which a hypothetical creditor might have acquired during the four days in question and confined his rights to those a hypothetical creditor could have acquired under the facts as they existed at the date of bankruptcy. This does not affect the interpretation of § 70, sub. c as applied to this case since here the proper filing had not been made up to the time of bankruptcy and a lien creditor without notice could at that time have acquired rights superior to those of petitioner. The trustee, regardless of his personal knowledge, has the status of such a creditor and is entitled to priority over petitioner here.

The petition for review is dismissed and the order of the referee is affirmed.