**MIAMI VALLEY PRODUCTION CREDIT ASSOCIATION, Plaintiff,**

v.

**David A. SHEEHAN, Robyn L. Sheehan, Defendants.**

**In the Matter of David A. SHEEHAN, Robyn L. Sheehan, Debtors.**

**Bankruptcy No. 3–81–00072.
Adv. No. 3–81–0832.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Feb. 23, 1982.

The hearing on the pleadings in that adversarial proceedings was assigned on the docket for hearing on February 26, 1981. On March 13, however, debtors filed a motion to convert to a Chapter 7 administration. Thereafter, MVPCA (Defendant herein) took a default judgment removing the automatic stay "in all respects as between Plaintiff and Defendants," entered March 26, 1981.

On May 6, 1981 an order was entered converting the Chapter 11 case to one under Chapter 7; and on May 18, James R. Warren was appointed Trustee in Bankruptcy.

On June 12, 1981, MVPCA caused all of the assets of Debtors to be sold.

On December 4, 1981, the Trustee filed a complaint against MVPCA seeking a judgment for the turnover of a portion of the proceeds realized from the sale of certain specific farm chattels, in the amount of $11,005.00. The matter is now pending on a Motion to Dismiss on the grounds that "Plaintiff's complaint is barred by the doctrines of *res judicata* and/or collateral estoppel."

James R. Warren, Springfield, Ohio, trustee/plaintiff.

Barry Reich, Springfield, Ohio, for defendants.

## DECISION

CHARLES A. ANDERSON, Bankruptcy Judge.

### STATEMENTS OF FACTS

David Albert Sheehan and Robyn Lorene Sheehan, dba Sheehan Farms, instituted a case under Chapter 11 on January 13, 1981.

On February 2, 1981, an adversarial proceedings was filed by Miami Valley Production Credit Association (MVPCA) against Debtors seeking relief pursuant to 11 U.S.C. § 362(d), terminating the stay to permit continuation of a pending foreclosure action in state court to collect an indebtedness in an amount in excess of $460,000.00. The security interest asserted covered the major part of the business assets, both real and personal.

## CONCLUSIONS OF LAW AND FACT

Defendant argues that, "The action for relief from the automatic stay ... had as material questions the validity of MVPCA's security and the property subject to that security interest.... The fact that the judgment was rendered by default does not prevent it from operation as a basis for application of the doctrine of *res judicata*."

The Plaintiff counters that the specific items of property set forth in his complaint were not covered by Defendant's security interest; that they were not even owned by Debtors at the time of the agreement; and, that MVPCA did not furnish the consideration for the purchase of the items. The Trustee further urges that the default judgment is not effective as to him since he had not even been appointed and was not a party to the previous litigation to lift the stay.

Essentially, the Trustee urges his present cause of action arises under 11 U.S.C. § 544 as an execution creditor or as a lien creditor with a judicial lien who was not joined as a party in the previous relief from stay suit.

The question of whether or not the security interest is valid is not at issue. It is assumed, for disposition of the motion, that the security interest is invalid as alleged by the Trustee.

Upon such assumption, the motion to dismiss must be denied. It should be noted that only a portion of the Debtors' assets as liquidated by the MVPCA are now involved and the Defendants' security interest in the other assets is not questioned. Further, as to none of the assets was there any judicial determination of the validity of liens. Initially, the doctrines of *res judicata* and collateral estoppel are not dispositive of the issues, as a determination of the validity of security interests, because relief from the stay, as sought against the debtors, have been granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

Assuming *arguendo* that the default judgment under 11 U.S.C. § 362 did involve the validity of liens, the motion still must fail as against the Trustee in Bankruptcy. Under former 11 U.S.C. § 110(c) the Trustee acquired the status of a lien creditor as of the time when petition was filed. *Lewis v. Manufacturers Nat. Bank* (1961) 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323. 11 U.S.C. § 544(a) of the Code adopts this fundamental concept and grants avoidance power "as of the commencement of the case and without regard to any knowledge of the trustee or of any creditor . . . ."

Looking to the facts *instanter*, it is not even necessary to look back to the petition date of January 13, 1981. The default judgment was not taken until after the motion by Debtors for conversion, on March 13. The sale of the Debtors' assets was not made until June 12, 1981, after the Trustee had been appointed on May 18, 1981.

At this point, MVPCA had relief from the stay only to pursue valid lien rights. The Trustee's lien was apparently ignored, even though adequate time was available to join the Trustee in the prior suit before sale to seek a marshalling of liens, including the Trustee's statutory lien.

In conclusion, therefore, the question of validity and priority of liens is justiciable because the order for relief from the stay in the Chapter 11 case does not invalidate the Trustee's lien in the subsequent Chapter 7 case after conversion. The Trustee was neither a party nor privy to the relief from stay action. See discussions in 46 Am. Jur.2d Judgments §§ 518, 519, and 532.