In re Harold Loyd SHELTON, Debtor.

Robert H. WALDSCHMIDT,
Trustee, Plaintiff,

v.

Harold Loyd SHELTON, Ruby J. Shelton, Clyde E. Shelton and Murfreesboro Federal Savings & Loan Association, Defendants.

Bankruptcy No. 382–01772.
Adv. No. 382–0716.

United States District Court,
M.D. Tennessee.

July 5, 1983.

Robert H. Waldschmidt, Nashville, Tenn., for Trustee.

Paul E. Jennings, Gary B. Fisher, Nashville, Tenn., for defendants, Harold Loyd Shelton, Ruby J. Shelton and Clyde E. Shelton.

William T. Sellers, Jr., Murfreesboro, Tenn., for defendant, Murfreesboro Federal Sav. & Loan Assn.

## MEMORANDUM

JOHN T. NIXON, District Judge.

This adversary proceeding was initiated by the trustee Robert H. Waldschmidt to set aside several alleged fraudulent conveyances by the debtor Harold L. Shelton and his wife Ruby J. Shelton pursuant to 11 U.S.C. § 544(b) and to sell the properties recovered free and clear of all liens under 11 U.S.C. § 363.[1] This matter is now before the court on the cross motions for summary judgment filed by each party pursuant to Federal Rule of Civil Procedure 56 as made applicable in bankruptcy proceed-

---

1. Pursuant to Administrative Order No. 28–4, this proceeding was referred to United States Bankruptcy Judge George C. Paine, II, in his temporary capacity as standing master for this district. Having reviewed the report submitted by Judge Paine, this court concludes that the report should be adopted as the opinion of this court.

ings by Bankruptcy Rule 756. Upon consideration of the evidence presented at the hearing, briefs of the parties, stipulations, exhibits and the entire record, this court concludes that both parties' motions for summary judgment should be denied.

The following shall represent findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 752.

The debtor Harold L. Shelton filed a voluntary Chapter 7 petition in the bankruptcy court for this district on June 3, 1982. About 18 months prior to this date, the debtor and his wife Ruby J. Shelton had conveyed three parcels of real property located in Rutherford County and assigned five notes secured by deeds of trust to Clyde E. and Helen L. Shelton, the debtor's father and mother. The parties do not dispute that these transfers were made without consideration and upon legal advice from an attorney not presently representing the debtor.

During the administration of the debtor's case, questions were raised about the propriety of these transfers and, as a result, the debtor filed a motion to dismiss his Chapter 7 petition. This motion was denied by Bankruptcy Judge Keith M. Lundin on August 26, 1982, on the basis that insufficient cause existed to dismiss the petition. *See* 11 U.S.C.A. § 707 (West 1979).

At the same time, Clyde Shelton, who had become the sole owner of these properties upon his wife Helen's death, reconveyed these properties to the debtor and his wife on the advice of the attorney now representing the debtor. The debtor then amended his bankruptcy schedules on September 13, 1982, to reflect his interest in this property and to claim an exemption in this interest pursuant to Tennessee's exemption laws. The trustee subsequently commenced this adversary proceeding to set aside the aforementioned transfers as fraudulent conveyances under the law of Tennessee.[2]

Initially, the defendants Harold Shelton, Ruby Shelton and Clyde Shelton's motion for summary judgment must be denied. The court cannot accept these defendants' assertion that Clyde Shelton's postpetition reconveyance of these properties to the debtor "cured" any previous fraudulent conveyances and therefore the trustee no longer has a cause of action to pursue. The law is well settled that the trustee's interest arising under § 544(b) is determined at the time of the commencement of the case. *Lewis v. Manufacturers National Bank,* 364 U.S. 603, 607, 81 S.Ct. 347, 349, 5 L.Ed.2d 323 (1961); *In the Matter of Komfo Products Corp.,* 247 F.Supp. 229, 236 (E.D.Pa.1965); *In the Matter of Batchelder,* 235 F.Supp. 654, 656 (D.Me. 1964); *In re Mitchell,* 9 B.R. 577, 578 (Bkrtcy.D.Or.1981). The post petition reconveyance of these properties to the debtor and his wife cannot foreclose the trustee from asserting his intervening rights, which vested when the debtor filed his bankruptcy petition, and attempting to recover this property for the benefit of the estate. This is true regardless of whether the property is now in the hands of the original transferee or a subsequent transferee, such as the debtor. Section 550(a) specifically states that, to the extent a transfer is avoided under § 544(b), the trustee may recover the property transferred or the value of such property from either the initial transferee or any immediate transferee of this initial transferee, subject to certain exceptions which are not relevant in this case.[3]

Nor can the court grant the trustee's motion for summary judgment at this time.

---

2. Section 544(b) grants the trustee the power to utilize Tennessee's fraudulent conveyance statutes, Tenn.Code Ann. §§ 66–3–101 to –314 (1982), to attempt to avoid these transfers.

11 U.S.C.A. § 544(b) (West 1979) provides:
"(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable un-

der section 502 of this title or that is not allowable only under section 502(e) of this title."

3. 11 U.S.C.A. § 550(a) (West 1979) provides in relevant part:
"(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the

A court may only grant such a judgment if there is no genuine issue as to any material fact and the movant is entitled to such a judgment as a matter of law. *Bohn Aluminum and Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir.1962); *Stewart v. Brewer,* Case No. 381–02515, Adv.Proc. No. 381–0564, slip op. at 2, (Bkrtcy.M.D.Tenn. 1982). The trustee simply has not yet demonstrated that all material facts have been resolved in his favor. Under Tennessee law, transfers are fraudulent if they either are without fair consideration and leave the grantor insolvent or are made with actual intent to hinder, delay or defraud creditors. Tenn.Code Ann. §§ 66–3–101 to –314 (1982). *See also McAllester v. Cross,* Case No. 180–02503, Adv. Proc. No. 180–0691, slip op. at 3–4 (Bkrtcy. M.D.Tenn. September 28, 1981); *Hill v. Belew,* Bk. Nos. 78–30188 and 78–30189, slip op. at 6 (Bkrtcy.M.D.Tenn. September 26, 1980). While the parties have stipulated that the debtor and his wife received no consideration for these transfers, the trustee has not shown, as is required by Tennessee law, that the transfers rendered the debtor insolvent. Tenn.Code Ann. § 66–3–305 (1982). *See also Cate v. Nicely (In re Knox Kreations, Inc.),* 474 F.Supp. 567, 570 (E.D.Tenn.1979). Nor has the trustee submitted any proof that these transfers were made with the intent to hinder, delay or defraud creditors. Since these material facts remain disputed, the court must deny the trustee's motion for summary judgment.

The court will accordingly enter an order denying both motions for summary judgment and setting the trustee's complaint for hearing.

IT IS, THEREFORE, SO ORDERED.

court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee."