**In re Deborah Ann CARTER,
SSN: 258–11–9700, Debtor.**

**Bankruptcy No. 92–70430.**

United States Bankruptcy Court,
M.D. Georgia,
Valdosta Division.

March 12, 1993.

David Roy Hege, Tifton, GA, for debtor.

Jim McGee, Waycross, GA, for creditor.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

The Debtor filed a motion to avoid the lien of Lott's Furniture Co., Inc., the Creditor, under § 522(f) of the Bankruptcy Code. The Creditor filed an answer objecting to the motion. On January 6, 1993, the court held a hearing at which the parties agreed to file a stipulation as to the facts and briefs on the issue. The issue before the court is whether the creditor has a purchase money security interest in the furniture, furnishings, and accessories purchased by the Debtor from the Creditor. The court, having considered the stipulation and the briefs filed by both parties, now renders this memorandum opinion. For the following reasons, the court finds that the creditor's security interest nev-

er had a purchase money status, and thus the lien of the creditor may be avoided under § 522(f).

The Creditor and the Debtor stipulated to the following facts. Between December 7, 1989, and December 29, 1989, the Debtor purchased a number of household furnishings from the Creditor. The Debtor made payments for several months until May 30, 1990. On May 30, 1990, the Debtor signed a retail installment sales contract with the creditor for the remaining unpaid balance of $18,848.00. The contract provided for 36 monthly payments of $644.93 and an annual percentage rate of 14%. The contract gave the Creditor a security interest in all the household furnishings which the Debtor had purchased in December, 1989. No new money was advanced and no additional collateral was given pursuant to the May 30, 1990 contract.

In January of 1992, the Debtor requested that the Creditor refinance the contract so that the monthly payments could be lowered and the term of the contract could be extended. The Creditor agreed to refinance the unpaid balance of $10,831.31. The new contract provided for 36 monthly payments of $373.12, and an annual percentage rate of 14.50%. Under the January, 1992 retail installment sales contract and security agreement, no additional funds were advanced nor were any new household furnishings purchased.

On July 22, 1992, the Debtor filed a Chapter 13 petition, which was later converted to a Chapter 7 on August 12, 1992. Subsequently, the Debtor filed this motion to avoid the Creditor's lien on the collateral, alleging that it was not a purchase money lien. The Creditor filed an answer to the motion to avoid the lien. The Creditor's answer asked the court to deny the motion since the purchase money security interest was not terminated by the refinancing. The creditor argues that the refinancing was done to renew the existing obligation to accommodate the Debtor and was not meant to make a new loan.

Section 522(f) of the Bankruptcy Code enables Debtors to avoid non-purchase money security interests in household goods. Section 522(f) states, in part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

11 U.S.C.A. § 522(f)(2) (West 1993).

■ "To determine whether a security interest is a purchase-money security interest, the Court must look to the relevant state law." *Matter of Franklin,* 75 B.R. 268, 270 (Bankr.M.D.Ga.1986) (citing *inter alia Lewis v. Manufacturing Nat'l Bank of Detroit,* 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961) and *Roberts Furniture Co. v. Pierce (In re Manuel),* 507 F.2d 990, 992 (5th Cir.1975)). The Georgia Uniform Commercial Code defines a purchase money security interest. Ga.Code Ann. § 11–9–107 provides that:

[a] security interest is a "purchase money security interest" to the extent that it is:

(a) Taken or retained by the seller of the collateral to secure all or part of its price; or

(b) Taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used.

Ga.Code Ann. § 11–9–107 (Michie 1982).

In 1987 the Texas Court of Appeals decided a case similar to the one at hand. *Mark Prod. U.S., Inc. v. Interfirst Bank Houston, N.A.,* 4 U.C.C. Rep.Serv.2d 1333, 737 S.W.2d 389 (Tex.Ct.App.1987). In determining who had priority between a bank and the seller, the court dealt with the seller's contention of having a purchase money status. The seller had sold equipment to the debtor between

February and May, 1982, on an open account, unsecured basis. Four months later, on September 1, 1982, the seller entered into a security agreement with the debtor. The debtor pledged the equipment as security for the debtor's note to the seller for the amount remaining due on the account. The Texas Uniform Commercial Code defines a purchase money security interest in exactly the same manner as the Georgia Uniform Commercial Code does. The court stated that "[a]ny security interest taken as security for a pre-existing claim or antecedent debt is excluded from the purchase money category." *Mark Prod. U.S., Inc.,* 4 U.C.C.Rep. Serv.2d at 1340, 737 S.W.2d at 394. The Texas Court of Appeals held the seller never was a holder of a purchase money security interest.

The invoices for the December 1989 purchases indicated that most of these transactions took place either on c.o.d. or for cash. As of the end of 1989, the remaining balance of the debt owed was held on open account. The Creditor as of that time did not have a security interest in the collateral, and the Debtor had both title and possession of the household furnishings. Five months later, on May 30, 1992, the Creditor was given a security interest in the household furnishings. The security interest taken by the Creditor was not to secure all or part of the purchase price of the collateral, but rather was taken to secure the pre-existing balance of the Debtor's account with the Creditor. In obtaining this security interest, the Creditor did not receive purchase money status. The Creditor's security interest does not fall within the definition of a purchase money security interest under Ga.Code Ann. § 11–9–107. Therefore, the refinancing agreement has no bearing on the Creditor's purchase money security interest status. Thus, the Debtor's motion to avoid the non-possessory, non-purchase money security interest of the Creditor pursuant to § 522(f) will be granted.

### ORDER

In accordance with the memorandum opinion entered this date, Debtor's motion to avoid the lien of Lott's Furniture Co., Inc., is hereby granted, and the non-purchase money security interest of Lott's Furniture Co., Inc., in the Debtor's household furnishings is hereby avoided to the extent that such lien impairs the Debtor's exemptions.

SO ORDERED.