## In re O'Brodo, Bankrupt.

(No. B65-1622. Decided February 23, 1966.

In the District Court of the United States, Northern District of Ohio, Eastern Division.

*Mr. Edward Abramson,* for Akron Packing Company.
*Mr. Joseph Weiner,* for the trustee.

White, Referee in Bankruptcy. The trustee filed a petition to determine the validity of a security agreement. The bankrupt sold his business for three thousand and no/100 dollars ($3,000.00) to Anthony Quattrochi on April 5, 1963; then on June 12, 1964, the bankrupt executed a security agreement to Akron Packing Company on the fixtures sold to Anthony Quattrochi.

The security agreement was filed with the Summit County Recorder, No. 52231, but not with the Secretary of State. Both the trustee and Akron Packing Company claim they are entitled to the balance due of two thousand fifty and no/100 dollars ($2,050.00) from Quattrochi to O'Brodo. These facts are not in dispute.

The court finds the bankrupt was indebted to the Akron Packing Company (hereinafter referred to as creditor) in the amount of five thousand and no/100 dollars ($5,000.00). The agreement as between the bankrupt and Quattrochi on April 15, 1963 was that title to the equipment was to remain in the bankrupt's name until paid for; therefore, the bankrupt had legal title to the business and property on June 12, 1964, the date of the chattel mortgage or security agreement, and he had only one place of business.

### Issue

The only issue for consideration by the court is whether the creditor complied with the Uniform Commercial Code to perfect its lien on the property in question.

### Law

Section 1309.38, sub-paragraph A-3, Revised Code, requires: "if the debtor has a place of business in only one county of this state," filing must be with the Secretary of State and in the office of the county recorder of such county.

The creditor claims that the filing was done in good faith, although in the improper place as set forth under Section 1309.-38 (B), Revised Code; therefore his lien is good. Section 1309.38 (B), Revised Code, provides:

"A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of Section 1309.01 to 1309.50, inclusive, of the Revised Code, and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement."

The court is aware of Comment 5, Uniform Commercial Code, page 120 of the 1964 Cumulative Annual Pocket Part of the Uniform Laws Annotated. The important point of the law (Section 1309.38 [b], Revised Code), and the Comment 5 is

that the filing "is also effective with regard to collateral covered by the financing statement against *any person who had knowledge* of the contents of such financing statement."

There are no cited or reported cases in Ohio that have considered a mortgage recorded under similar circumstances where a bankruptcy trustee is a party to the action.

This court held *In the Matter of Sharon Valerie Showers, d. b. a. Minyan Nursing Home*, Bankruptcy Case No. B64-6234 that the trustee under Section 70, paragraph C of the Bankruptcy Act was in the position of a lien creditor without knowledge and could obtain superior rights over an unperfected security interest. Section 1301.1 (L), Revised Code, defines a "creditor" and a trustee in bankruptcy as included within that definition.

Section 1309.20(2), Revised Code, provides: "a person who becomes a lien creditor without knowledge of the security interest and before it is perfected" takes priority over unperfected security interests.

Further a *lien creditor* is defined in Section 1309.20 (C), Revised Code, as:

A 'lien creditor' means a creditor who has acquired a lien on the property involved by attachment, levy or the like and includes an assignee for benefit of creditors from the time of assignment, and a *trustee in bankruptcy* from the date of the filing of the petition or a receiver in equity from the time of appointment. Unless all the creditors represented had knowledge of the security interest such a representative of creditors is a lien creditor without knowledge even though he personally has knowledge of the security interest.

Therefore, the Uniform Commercial Code as adopted in Ohio clearly provides that the trustee in bankruptcy is a lien creditor without knowledge and that by law he would have priority over the unperfected security interest.

The states of Massachusetts and Pennsylvania enacted the Uniform Commercial Code prior to the state of Ohio. There are reported cases in those states which involve the similar facts and questions of law.

The court in Massachusetts held in the matter of *Babcock Box Co.*, 200 F. Supp. 80, that the trustee in bankruptcy has the status of a creditor without knowledge even though he may

122

have had prior personal knowledge of the contents of an improperly filed financing statement. The facts were similar to the case under consideration except they filed with the Secretary of State and not with the city clerk as required by Massachusetts law.

The Uniform Commercial Code has also been considered by the Pennsylvania Court and *In the Matter of Luckenbill* (E. D. Pa. 1957), 156 F. Suppl. 129, the court held that the trustee's claim was superior to the unperfected claim of the security holder, even though the filing had been in good faith. The facts in this Pennsylvania case were the same as in this Ohio case in that the filing was not made with the Secretary of the Commonwealth until after the adjudication of bankruptcy. See *In the Matter of Smith* (E. D. Pa. 1962), 205 F. Supp. 27. *In the Matter of Lux's Superette, Inc.* (E. D. Pa. 1962), 206 F. Supp. 368. *In the Matter of Dumont-Airplane & Marine Instruments, Inc.* (S. D. N. Y. 1962), 203 F. Supp. 511.

The intent of the Ohio Legislature was clear that it is mandatory in all cases that the security interest be filed in the proper county as well as the office of the Secretary of State. Section 1309.38, paragraph (B), Revised Code, was enacted to make exceptions where a person in good faith filed in an improper place to protect his security interest against a person who has knowledge of the contents of the security agreement which was filed in error, but the Legislature limited this exception by law. Section 1309.20, Revised Code, clearly defines the rights of third parties as to perfected and unperfected security liens. The rules of priority are clear in this case.

The trustee is entitled to collect funds due the bankrupt from Anthony Quattrochi on the equipment free and clear of the unperfected chattel mortgage (security interest) of the Akron Packing Company and to transfer a title free and clear to Anthony Quattrochi on the chattels in question upon the payment of the note.

All parties may have their exceptions.

The trustee is to draw an order in accordance with the above findings of fact and law.