In re Stephen & Helen MALTEZOS,
Debtors.

Philip R. JOELSON, Trustee, Plaintiff,

v.

AUSTIN BANK OF CHICAGO,
Defendant.

Bankruptcy No. 82–0527.
Related Case: 82–00694.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 25, 1983.

Opinion After Additional Evidence
Submission Dec. 20, 1983.

Philip R. Joelson, Toledo, Ohio, for plaintiff.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before this Court upon the Motion to Dismiss filed by the Defendant to this action. Inasmuch as the facts of this case are not in dispute the parties have agreed to have this Court reach a decisions based solely on the arguments of counsel.

### FACTS

On December 13, 1981, the Debtor executed a promissory note and security agreement with the Defendant for the purchase of a 1980 Datsun automobile. At that time the Debtor was a resident of Illinois. Pursuant to the laws of that state, the Defendant perfected the security interest by noting the interest on the Illinois certificate of title. This certificate was retained by the Defendant. At some time later, the Debtor requested that the Defendant give him the certificate so that he could obtain an Ohio certificate of title and Ohio license plates. This the Defendant did. However, the Debtor never applied for an Ohio registration. Rather, he removed the car to Florida where he obtained a no-title registration. He then returned to Ohio where, on April 2, 1982, he filed his voluntary Chapter 7 bankruptcy petition. This adversary complaint, filed by the Trustee, seeks a determination as to the priority of the parties' interests in the collateral.

### LAW

The Trustee's contention that he has a superior. interest in the collateral is based upon the provision of 11 U.S.C. § 544 which states in pertinent part:

"(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists..."

■ This provision allows the Trustee to prevail and to have priority over any claims, liens, or interests which are not fully perfected at the time the petition was filed. *See, Matter of Midwestern Food Stores, Inc.,* 21 B.R. 944 (Bkrtcy.S.D.Ohio 1982). Both Illinois and Ohio have enacted Uniform Commercial Code § 9–103(2)(a, b) which states in part:

"(1) This division applies to goods covered by a certificate of title issued under a statute of this state or of another jurisdiction under the law of which indication of a security interest on the certificate is required as a condition of perfection. (2) Except as otherwise provided in this division, perfection and the effect of perfection or non-perfection of the security interest are governed by the law, including the conflict of laws rules, of the jurisdiction issuing the certificate until four months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate."

*See,* Ohio Revised Code § 1309.03, Ill.Rev. Stat. ch. 26, § 9–103. As this section indicates, a security interest in an article that requires a certificate of title must be noted upon the certificate in order to be perfected. This perfection will remain intact for four months after the property is removed from the original jurisdiction if the vehicle is re-registered in the new state within that time. After the four month period the

original lien will be perfected, but only so long as the car is not re-registered. Subsequent registration will destroy the original perfection. However, the creditor's lien will also become unperfected whenever he surrenders the certificate, regardless of when that occurs.

■ In the present case the Trustee has two grounds upon which to assert that the lien was unperfected on the date the petition was filed. First, he could assert that the issuance of a no-title registration by the State of Florida constitutes a re-registration for purposes of avoiding the Defendant's perfection. However, a review of the facts reflects that four months had not yet elapsed between the time the Debtor purchased the car and the time he filed bankruptcy. As indicated in the statute, a creditor will remain perfected for four months regardless of whether a debtor re-registers the collateral in a new state within that time. Therefore, the Defendant had not lost his perfection based upon the issuance of the Florida no-title registration.

■ The statute also indicates that perfection of a security interest which is recorded on a title document will be lost when the creditor surrenders the certificate. The statute does not define or elaborate upon the meaning of "surrender" as it is used in this provision. In the present case the Defendant surrendered the certificate to the Debtor so that the Debtor could obtain an Ohio certificate of title. The Trustee argues that the release of actual physical possession of the certificate constitutes a surrender. The creditor contends that surrender should mean the presentment of the certificate to an official for an official purpose.

It appears that there are no prior decisions which directly address the interpretation of this term. In *In re Singleton,* 2 UCC Rep. 195 (Bkrtcy.E.D.Ky.1963), the Court referred to a surrender of the Ohio certificate of title to the Clerk of a county court in Kentucky by the Debtor personally. However, the issue in that case was whether or not an Ohio creditor, whose lien was noted on the Ohio certificate, became un-perfected when the Clerk of the Kentucky court issued a Kentucky title without noting the lien thereon. A similar situation existed in *In re Hrbek,* 18 B.R. 631 (Bkrtcy. D.Neb.1982), wherein the Court alluded to the Debtor's transfer of the certificate from his personal possession to the county clerk in the removing state.

The Defendant has cited several sections of the Ohio Revised Code which indicate that a person must present proof of ownership or surrender a title from another state in order to accomplish certain facets of registration in Ohio. Although these provisions make it clear that the certificate must be surrendered to the clerk of courts for proper transfer, they are of little value in determining whether or not, for purposes of maintaining perfection of a security interest, the creditor "surrendered" the title.

In an attempt to interpret this term, analogies can be made to several other legal concepts. The first would be to that of perfection by possession. In order to remain perfected the creditor would have to retain actual possession of the certificate. The second analogy would be to that of a bailment. Under this theory the creditor would retain constructive possession of the title during the time the debtor had actual possession. *See,* 8 Ohio Jur.3d *Bailments* §§ 16, 20. Similarly, the relinquishing of actual title could be viewed in the nature of abandoned property, whereby the intent of the party entitled to possession determines the character of the property's availability. Finally, the situation could be compared to the provision of temporary perfection as set forth under UCC § 9–304(5)(b)(B), Ohio Revised Code § 1309.23(E)(2). This provision states that:

"(E) A security interest remains perfected for a period of twenty-one days without filing where a secured party having a perfected security interest in an instrument, a negotiable document, or goods in possession of a bailee other than one who has issued a negotiable document therefor:

(a) delivers the instrument to the debtor for the purpose of . . . registration of transfer."

While this provision appears dispositive, it should be noted that it only applies to the types of property listed earlier in that section. This listing does not include items covered by a certificate of title.

In Ohio an applicant is required to present evidence of ownership when applying for an Ohio certificate of title or when renewing the annual vehicle registration. Ohio Revised Code §§ 4505.06, 4503.01 et seq. While it is not a commercially sound practice to give up possession of the certificate of title, there are circumstances where the owner of the vehicle is required to have the title available to him. Therefore, the term "surrender" must be interpreted with regards to these pragmatic considerations.

If perfection by possession were to be applied, a creditor's absolute retention of the title would prevent a debtor from performing duties that are required by law. Although a memorandum title is available, it is not required by law nor would it be sufficient to have a title issued in another state. See, Ohio Revised Code §§ 4505.06, 4505.12. It also would not be commercially practical to require that the creditor continually send the title to the various agencies which require presentation of the document. However, if the creditor were to accommodate the debtor by giving him the title he would run the risk of losing his first interest in the vehicle.

If giving the title to the debtor was construed as a bailment the creditor would then be free to issue the certificate to the debtor for whatever time and purpose the debtor chose. Since the purpose of perfection and notation of security interests is to guard against the possibility that a second lender could be deceived as to prior encumbrances, this view would not further that protection.

Under the concept of temporary perfection the creditor would be allowed to surrender the title to the debtor for a limited time and still retain a perfected status. It would also impose a duty on the creditor to insure that the debtor returned the title within a reasonable time. If the debtor did not return the certificate within such time the creditor would be responsible for taking whatever legal actions necessary to compel production of the certificate. These circumstances would accommodate the needs of both the creditor and the debtor without imposing any unreasonable responsibilities on either. In the view of the interests which must be both accommodated and protected, the term "surrendered" should be interpreted, for purposes of UCC § 9–103(2)(b), to mean that a creditor may give up actual physical possession of the certificate of title for a reasonable time without losing perfection of the lien.

It should be noted that this Court cannot, by way of judicial legislation, establish a twenty-one day limitation as the time in which a creditor must have the title returned. However, this Court may interpret the word "surrender" as it is used in the statute. Since the legislature has established a procedure to handle similar circumstances, involving other types of collateral it is only logical to interpret the legislature's omission in a manner consistent with what it has already set forth.

In the present case there is no indications as to when the creditor gave up possession of the title to the Debtor. Without any information on that point there is no way this Court can determine whether or not the length of time between the relinquishment of the title and the date of the bankruptcy petition was a reasonable time.

Therefore, it is ORDERED that the parties will submit to this Court, within fourteen (14) days from the date of this Order, the date on which the Defendant gave the certificate of title to the Debtor.

In reaching these conclusions this Court has considered all of the evidence and arguments of counsel, whether or not they are specifically referred to in this Opinion.

### OPINION AFTER ADDITIONAL EVIDENCE SUBMISSION

This cause comes before this Court upon the submission of additional evidence as

requested by an Order of this Court dated October 25, 1983. In that Order the Court requested information as to the date on which the Defendant gave the certificate of title to the Debtor. This information was required in order to determine whether or not the creditor had lost the perfection of its security interest.

## FACTS

In response to the Court's request the Defendant has indicated that the title was turned over on March 9, 1982. The Plaintiff has indicated that he does not have personal knowledge of the date, but that he also believes it to be March 9, 1982. The Plaintiff has also offered additional evidence which he requests that the Court consider. The most relevant fact offered is that at the time the car was purchased, the Debtor was a resident of the State of Ohio. This contrasts with that fact that the car was purchased in Illinois, was titled in Illinois, and was initially registered in Illinois.

Although a person who resides in Ohio must obtain an Ohio automobile registration within thirty (30) days from the time that residence is established, he is not required to register the car in Ohio initially upon purchase. Similarly, the Ohio Revised Code does not dictate a requirement for a person's residence when perfecting a lien on property covered by a certificate of title. Therefore, the fact that the Debtor was not a resident of Illinois at the time the lien was perfected is not dispositive of this case.

## LAW

■ As indicated in the Court's prior Order, this Court must determine whether or not the time between the filing of the petition and the time when the Defendant gave the certificate of title to the Debtor was a reasonable time. This determination is necessary in order to determine whether or not the creditor had "surrendered" the title, and thereby lost its perfected status. As previously discussed, the title was given on March 9, 1982, and the petition was filed on April 2, 1982. Under the circumstances of this case, this Court finds that the time in which the Defendant was not in possession was not an unreasonable time. Consequently, the Defendant had not "surrendered" the title for purposes of Ohio Revised Code § 1309.03 and accordingly, has retained its perfected status.

In reaching this conclusion, this Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that this Complaint be, and it is hereby, DISMISSED.