**36**

In re Timothy T. CHASE, Debtor.

**John J. HUNTER, Trustee, Plaintiff,**

**v.**

**FIRST NATIONAL BANK OF TOLEDO, Defendant.**

Bankruptcy No. 85–0097.

United States Bankruptcy Court, N.D. Ohio, W.D.

July 24, 1985.

John R. Reisner, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion For Summary Judgment filed by the Plaintiff in the above entitled adversary action. Although the Defendant has filed an Answer in this case and has been afforded the opportunity to respond to the Motion for Summary Judgment, no such response has been received. The Court has reviewed the Motion as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion For Summary Judgment should be GRANTED.

## FACTS

The Plaintiff in this case is the duly appointed Trustee for the Debtor's voluntary Chapter 7 Petition. Included in the Debtor's estate was a 1969 Revline boat. The certificate of title for this boat reflected that the Debtor was the recognized owner. At the time the Debtor's Petition was filed, the First National Bank of Toledo (hereinafter First National) asserted that it had a security interest in the craft. However, the certificate of title does not bear any indication of a security interest on behalf of First National. This adversary proceeding was initiated to determine the validity of First National's assertion.

## LAW

■ The provisions of 11 U.S.C. Section 544 state in pertinent part:

"(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of ...

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such

time and with respect to such credit a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists."

Under these provisions, the trustee is afforded the status of a perfected judgment lien creditor as to all of the debtor's property. This status places a trustee in a superior position to any creditor whose security interest in property remains unperfected at the time the debtor's petition was filed. *Joelson v. Austin Bank of Chicago (In re Maltezos)*, 35 B.R. 800 (Bkcy.N.D.Ohio 1983), *Steinberg v. Morton (In re Buchanan)*, 35 B.R. 849 (Bkcy.E.D.Tenn.1983).

■ The provisions of Ohio Revised Code Section 1548.20 state in pertinent part:

"Any security agreement covering a security interest in watercraft ... in the case of a certificate of title, if a notation of such instrument has been made by the clerk of the court of common pleas on the face of such certificate, shall be valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants."

Under these provisions, a lien against boats and other watercraft is perfected by having the encumbrance noted on the certificate of title. *See,* 9 Ohio Jur.2d *Boats, Ships & Shipping* Section 11.

In the present case, the certificate of title which accompanies the boat in question does not reflect any lien in favor of First National. As a result of that absence, any interest held by First National remains unperfected. While the failure to perfect does not necessarily negate a creditor's security interest, it does subject the lienholder to the interests of any other creditor who obtains an interest in the property and who properly perfects that interest. The first lienholder's interest would be subordinated to the interests of the perfected creditor. Inasmuch as the Trustee is accorded the status of a perfected lienholder against all of the debtor's property, his interest in

the boat becomes superior to any interest held by First National. Accordingly, it must be concluded that any interest asserted by First National is unperfected and is, therefore, avoided by the Trustee's status under 11 U.S.C. Section 544(a).

In reaching this conclusion the Court has considered all the evidence and arguments of counsel, regardless of whether or not they were specifically referred to in this Opinion.

It is ORDERED that the lien asserted by the First National Bank of Toledo be, and is hereby, held as VOID.

It is FURTHER ORDERED that Judgment be, and is hereby, entered for the Plaintiff.