**In re Larry Dale WARE and Beverly Joan Ware, Debtors.**

**Bankruptcy No. 85–00944.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Feb. 12, 1986.

Nicholas Jones, Delaware, Ohio, for debtors.

Allan D. Dobnicker, Lima, Ohio, trustee.

John Neville, Kenton, Ohio, for movant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion For Relief From Stay and Abandonment of Property filed by Community First Bank, N.A. (hereinafter Community). The Court has conducted a Hearing on this Motion, at which the parties were afforded the opportunity to present any evidence and arguments they wished the Court to consider. The Court has reviewed the evidence, the arguments, and the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the Stay should be RELIEVED IN PART.

## FACTS

With the exception of one issue, the operative facts in this case do not appear to be in dispute. On or about April 20, 1983, the Debtors executed a promissory note in favor of Community in the amount of Fifteen Thousand Three Hundred Forty-two and 60/100 Dollars ($15,342.60). As security for that note the Debtors gave Community a security interest in a variety of tools, equipment, and vehicles. Included in that property were two pipe wrenches, a disc sander, two angle grinders, a socket set, a bench grinder, an air compressor, a sabre saw, a hand truck, and a utility trailer. The security interest also included other items of property. However, the other items are not the objects of the present dispute. After receiving the security interest Community filed a financing statement in the Hardin County Recorder's Office. No financing statement was filed with the Secretary of State.

At some time later, it appears that the Debtors defaulted on the note and were subjected to a foreclosure action by Community in State Court. A judgment of foreclosure was rendered on May 28, 1985. It appears that Community has been able to successfully repossess the other items of collateral. However, the Debtors have retained possession of the specific items of property which are listed above.

On June 24, 1985, the Debtors filed their voluntary Chapter 7 Petition with this Court. In an effort to repossess the remaining collateral, Community has filed the Motion which is presently before the Court. The Debtors oppose the Motion on the grounds that Community is not properly perfected in the remaining collateral. Specifically, the Debtors claim that because the remaining items of collateral are tools which are used in the Husband-Debtor's

trade, they cannot be considered consumer items for purposes of perfecting a security interest. They further argue that perfection of the security interest in those items could only be accomplished by the filing of a financing statement in both the County Recorder's Office and the Secretary of State's Office. As a result, the Debtors contend that Community's interest is unperfected, and that the Trustee has acquired an interest superior to that of Community. Community summarily opposes this argument, and asserts that at the time of the loan the tools were primarily for personal use.

In the Statement of Income and Expenses, the Debtors indicate that the husband is a self-employed carpenter, plumber, and electrician. On the Statement of Financial Affairs he indicates that he formerly operated a laundromat, and that he presently does free lance snowplowing, carpentry, and maintenance work. He testified at the hearing that at the time the loan from Community was received he was the owner of a laundromat and that he did "spot" remodeling. Community did not present any independent evidence to rebut the evidence offered by the Debtors. However, on cross examination, the Husband-Debtor admitted that the collateral in question was sometimes used in his business ventures. The parties appear to have agreed that the value of the remaining collateral is less than the obligation owed to Community, and that the property has no value to the estate. No objection to the abandonment has been made by the Trustee.

### LAW

■ The provisions of 11 U.S.C. Section 544(a) state in pertinent part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a credit exists ...

Under these provisions the Trustee receives the status of a perfected judgment lien creditor as of the commencement of the case and acquires an interest in the debtor's property that is superior to any secured creditor whose security interest remains unperfected. *Hunter v. First National Bank of Toledo (In re Chase)*, 54 B.R. 36 (Bkcy.N.D.Ohio 1985).

■ The provisions of Ohio Revised Code Section 1309.38 state in pertinent part:

(A) The proper place to file in order to perfect a security interest is as follows:

(1) when the collateral is ... consumer goods, then in the office of the county recorder in the county of the debtor's residence ...

(3) in all other cases, in the office of the secretary of state and, in addition, if the debtor has a place of business in only one county of this state, also in the office of the county recorder of such county, or if the debtor has no place of business in this state, but resides in the state, also in the office of the county recorder of the county in which he resides.

(B) A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of sections 1309.01 to 1309.50 of the Revised Code ...

Under these provisions, a secured creditor must perfect a security interest by filing a financing statement in both the County Recorder's Office and the Secretary of State's Office when the collateral is of a type

which is not specifically excepted from the double filing requirement under the provisions of this section. Such an exemption is made when the collateral is consumer goods. In that event, the creditor is only required to file with the County Recorder's Office. *See,* 48 Ohio Jur.2d *Secured Transactions* Sections 141, 168. Although a creditor may have erroneously filed its financing statements in good faith, the saving provision of Section 1309.38(B) is not effective to preclude a bankruptcy trustee from acquiring a superior interest. *In re O'Brodo,* 36 Ohio Op.2d 170, 7 Ohio Misc. 119 (Bkcy.N.D.Ohio 1966).

Based upon the operation of these statutes and the agreement of the parties as to all other relevant facts, the issue in this case is whether, at the time the loan was made, the collateral which remains in the Debtors' possession was used primarily for personal purposes, or whether it was used in his business activities. Those items which were used for personal purposes would be classified as consumer goods and would only require the filing of a single financing statement in order to perfect a security interest. On the other hand, those items which were used as tools of the trade would require double filing in order to achieve perfection. This determination as to perfection will establish whether or not Community maintains a position superior to that of the Trustee, and whether or not they are entitled to a modification of the stay so as to conclude their repossession process.

■ A review of the evidence finds that as of the time of the loan the Debtor was in the business of operating a laundromat and did some "spot" remodeling. As the operator of a laundromat, the Debtor was required to perform maintenance on the laundry machines and any equipment attendant thereto. Such repairs primarily involved the use of tools and equipment which relate to plumbing. A review of the collateral and the evidence finds that the two pipe wrenches, socket set, hand truck, two angle grinders, and the utility trailer are the items which may be most closely associated

with the Debtors' plumbing requirements. Since those items were frequently used in the Husband-Debtor's business, it must be concluded that they were not consumer goods, and that the perfection of any security interest in those items required the filing of a financing statement in both the County Recorder's Office and the Secretary of State's Office. Inasmuch as Community only filed in the County Recorder's Office, it must be concluded that as to the items enumerated above, the Trustee has acquired a superior interest to Community. Accordingly, Community is not entitled to relief from stay, and is not entitled to repossess these items.

■ A further review of the evidence finds that the Husband-Debtor's remodeling business did not occupy a significant percentage of his working hours. Although such activities did generate revenue, it appears that these activities were more of a "sideline" than an actual line of work. Accordingly, any tools and equipment closely associated with those activities would have to be considered personal in nature and, therefore, consumer goods. This would include the disc sander, the bench grinder, the air compressor, and the sabre saw. As consumer goods, Community was only required to file a financing statement with the County Recorder's Office. It appearing that the financing statement was properly filed as to these items, it must be concluded that Community has properly perfected its interest and retains an interest superior to that of the Trustee. Inasmuch as the property has no value to the estate, it must also be concluded that the automatic stay may be relieved as to these items, and that they may be abandoned from the estate.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion For Relief From Stay and Abandonment of Property be, and is hereby, GRANTED as

to the disc sander, bench grinder, air compressor, and sabre saw.

It is FURTHER ORDERED that the Motion For Relief From Stay and Abandonment of Property be, and is hereby, DENIED as to the two pipe wrenches, socket set, hand truck, two angle grinders, and utility truck.